J-A22002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NICHOLAS EDWARD CAMPBELL | : | No. 1485 MDA 2020 |

Appeal from the Order Entered October 29, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000968-2020

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.: **FILED: DECEMBER 9, 2021**

The Commonwealth appeals from the October 29, 2020 order denying the Commonwealth's motion to introduce prior bad acts evidence against Nicholas Edward Campbell. We affirm.

In the instant case, Appellee was charged with one count each of rape, involuntary deviate sexual intercourse, aggravated indecent assault, and indecent assault. Prior to trial, the Commonwealth filed a motion to introduce prior bad acts evidence regarding an earlier 2019 alleged incident involving Appellee and N.C., which resulted in Appellee facing similar charges in Lancaster County. At a hearing on the motion, the Commonwealth declined to present any testimony, and instead submitted the police interview, police reports, and sex assault examination in the Cumberland County case, and the police report, sex assault examination, and docket in the Lancaster County case. After taking the matter under advisement, the court denied the

Commonwealth's motion. On appeal, the Commonwealth argues that the court abused its discretion by placing undue emphasis on the differences between the encounters, improperly weighing the Commonwealth's need for the evidence, and denying the motion within one hour of receiving the evidence. Commonwealth's brief at 4, 19-23 & n.2. After reviewing the certified record and the Commonwealth's brief, we discern no abuse of discretion on the part of the trial court as to the issues raised by the Commonwealth, and we affirm the order on the basis of the well-reasoned opinion that Honorable Edward E. Guido entered on February 26, 2021.

Specifically, Judge Guido thoroughly and accurately reviewed the applicable law and evidence, concluding "there [wa]s simply nothing so substantial or distinct in these incidents as to constitute a common scheme, plan, or *modus operandi*." Trial Court Opinion, 2/26/21, at 11; ***see also id***. at 11-15 (detailing the differences between the Cumberland County encounter and the Lancaster County encounter). In considering the potential prejudice, the court did not abuse its discretion in concluding that the Commonwealth's need to present the evidence was undercut by the fact that at least two portions of the Cumberland County encounter were recorded and shared with another individual. ***See id***. at 10-11 (concluding also that a cautionary instruction would be insufficient as evidence of the Lancaster County encounter would only inflame the jury's passions and deny Appellee a fair trial). Finally, the court explained that it retired to chambers immediately following the hearing, taking as much time as was necessary to review the

evidence and applicable law. *Id*. at 15; *see also id*. at 15 n.6 (noting that only the court reporter was present when the court issued its ruling, which was not filed until three days after it was dictated, and therefore the court was unaware of the exact timing of the order or how the Commonwealth concluded that the court "took a mere 'hour' to make [its] decision"). As to all of the foregoing points, we adopt Judge Guido's reasoning as our own.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/09/2021